UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL NO. 3:09CV329-RJC-DCK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **CONSENT JUDGMENT** |
| | ) | |
| $4,238.00 IN UNITED STATES CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

WHEREAS, the United States filed a verified complaint on July 31, 2009, for the forfeiture of the defendant property, and this Court found probable cause for such forfeiture and issued a warrant for arrest in rem; and,

WHEREAS, on or about August 5, 2009, the United States mailed copies of the complaint and warrant by certified mail, return receipt requested, to Carrie Renee Ratliff (hereinafter "claimant"), the person from whom the defendant property was seized, c/o her attorney, Deke Falls, as the only interested person known to the government; and,

WHEREAS, on August 4, 2009, in connection with issuing the warrant for arrest in rem, based on an affidavit submitted by Detective Jennifer LaFortune of the Charlotte Mecklenburg Police Department, the Honorable David C. Keesler, United States Magistrate Judge, found probable cause for forfeiture of the defendant property; and,

WHEREAS, on August 6, 2009, the Marshals Service duly executed the warrant for arrest in rem with regard to the defendant property, as shown on the Form USM-285 filed herein on August 20, 2009; and,

WHEREAS, claimant hereby states that she is the sole owner of the defendant property and that she will not file a claim or answer in this case, and the parties agree that this consent judgment shall be deemed to suffice in lieu of a claim and answer and that the Court has jurisdiction of the defendant property and of claimant's interest in the defendant property; and,

WHEREAS, the United States has commenced publication of internet notice, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and if no claims are filed within the time period provided by Supplemental Rule G(5)(a)(ii)(B), the United States will move for a default judgment of forfeiture as to all other persons in the world regarding the sum of $2119.00, pursuant to the settlement stated herein; and,

WHEREAS, claimant stipulates that there is probable cause for forfeiture of the defendant property; and,

WHEREAS, the parties have agreed to forfeiture of one-half of the defendant property, which equals the sum of $2119.00, with the remaining $2119.00 to be returned to claimant, in full settlement of all claims herein; and,

WHEREAS, claimant hereby releases and forever discharges the United States, its agents, servants and employees, its successors or assigns, and all state or local governmental entities or law enforcement agencies in North Carolina and their agents, servants and employees, their heirs, successors, or assigns, from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or equity which claimant or her heirs, successors, or assigns ever had, now have, or may have in the future in connection with this investigation, seizure, detention, and forfeiture; and,

WHEREAS, the parties consent to the United States Magistrate Judge conducting all proceedings, including entry of this Consent Judgment, pursuant to 28 U.S.C. §636(c);

THE COURT FINDS THAT:

   1. A verified complaint for forfeiture *in rem* of the defendant property was filed on July 31, 2009. This Court found probable cause for forfeiture and issued a warrant for arrest *in rem*.

   2. Process was fully issued in this action and returned according to law.

   3. The parties have agreed to the forfeiture of the sum of $2119.00, with the remaining $2119.00 to be returned to claimant, in full settlement of this case.

   4. The actions taken by the United States were reasonable and proper.

Based on the foregoing findings, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The sum of $2119.00 is forfeited to the United States, to be disposed of according to law.

2. The remaining $2119.00 shall be returned to claimant.

3. Each party is to bear its own costs of this action, including attorneys fees.

Signed this the 22 day of September, 2009.

_____
UNITED STATES District JUDGE

ON MOTION OF AND WITH CONSENT OF THE PARTIES:

FOR THE UNITED STATES OF AMERICA:

EDWARD R. RYAN
Acting United States Attorney

By _____ Date: Sept. 8, 2009
WILLIAM A. BRADFORD
Assistant United States Attorney

_____ Date: 9/4/09
CARRIE RENEE RATLIFF
Claimant

_____ Date: 9/4/09
DEKE FALLS
Attorney for Carrie Renee Ratliff

3